FILED
SUPERIOR COURT
OF GUAM
'9'' '''' 24 PR 2: 18

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

RICHARD T. DAMIAN, )
) **CIVIL CASE NO. CV0184-12**
Plaintiff, )
)
vs. ) **DECISION AND ORDER**
)
JOSHUA CAMACHO DAMIAN and )
DEPARTMENT OF LAND )
MANAGEMENT, GOVERNMENT OF )
GUAM, )
)
Defendants. )
_____ )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Richard T. Damian's motion to dismiss and, in the alternative, motion for summary judgment, filed January 30, 2013 and on Defendant's motion for summary judgment, filed February 22, 2013. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This case fundamentally concerns the disputed claims of ownership by Plaintiff Richard T. Damian (hereinafter "Plaintiff") and Defendant Joshua C. Damian (hereinafter "Joshua") over Lot No. 141-54, Mongmong/Toto, Maite, Territory of Guam, suburban, covering an area of 711.96 square miles (hereinafter "Property"). In essence, Plaintiff claims he is the rightful owner of the Property based on a quitclaim deed executed by Roy T. Damian (hereinafter "Roy") on October 12, 2004, whereby Roy quitclaimed all his right, title, and interest in Property to Plaintiff. The deed was deemed recorded on November 3, 2004 and a Certificate of Title was issued on October 26, 2006. To the contrary, Joshua claims he is the rightful owner to the Property based on two court decisions which he argues proclaimed him the rightful owner of the Property.

ORIGINAL

On February 3, 2012, Plaintiff filed an amended complaint against Defendants to quiet title to the Property and to cancel a subsequent Certificate of Title issued to Joshua for the Property. On May 22, 2012, Joshua filed an answer and counterclaim, alleging the following causes of actions against Plaintiff: (1) quiet title; (2) cancellation of quitclaim deed; and (3) cancellation of Plaintiff's certificate of title.

On January 30, 2013, Plaintiff filed a motion to dismiss Joshua's counterclaim pursuant to Guam R. Civ. P. 12(b)(6) and, in the alternative, a motion for summary judgment in favor of Plaintiff as owner of the Property pursuant to Guam R. Civ. P. 56. Plaintiff argues that the recordation of Plaintiff's quitclaim deed from Roy in October 12, 2004 and the issuance of Certificate of Title by the Department of Land Management (hereinafter "DLM") to Plaintiff prior to any judicial determination or subsequent issuance of Certificates of Title by DLM establish the superiority of Plaintiff's title to the Property. (Plaintiff's Mot. to Dismiss & Mot. Summ. J., 2, Jan. 30, 2013). Therefore, Plaintiff argues that the Joshua's counterclaim should be dismissed because (1) there was no restriction or any impairment of any right of Roy to transfer any property contained in any order of the court; and (2) Defendant fails to assert any prior recordation of any instrument, document, or judgment affecting title to the Property pursuant to 21 GCA § 37102. *Id.* at 3. Furthermore, Plaintiff moves for summary judgment because there are no genuine disputes of material fact that the quitclaim deed was recorded on November 3, 2004, giving Plaintiff a superior interest in the Property to Guam's race notice statute under 21 GCA § 37102. *Id.* at 6.

On February 22, 2013, Joshua filed a motion for summary judgment pursuant to Guam R. Civ. P. 56. First, Joshua argues that that the Superior of Court of Guam has already determined that Joshua is the rightful fee simple owner of the Property on two different occasions. The two matters he cites in support of his proposition are as follows: (1) in *Teresito C. Damian v. Roy Sr.*, DM0848-97 (Super. Ct. Guam Sept. 26, 2006) (hereinafter "DM0848-97"), Judge Katherine A Maraman held that the Superior Court of Guam maintained jurisdiction over the Property, and on December 5, 2007, Judge Katherine A Maraman issued an Order of Property whereby Roy Sr. obtained a life estate in the Property and Joshua was granted a vested

remainder in fee simple to the Property; and (2) in *In the Matter of Consolidated Estates of Teresita C. Camacho pka Teresita C. Damian and Roy Sr.*, PR0081-08 (Super. Ct. Guam Mar. 3, 2009) (hereinafter "PR0081-08"), Judge Alberto Lamorena III issued a Decision & Order finding that Roy Sr. had a life estate in the Property, which passed to Joshua upon Roy's death. (Joshua's Mot. Summ. J., Exhibits N-P, Feb. 22, 2013). Second, Joshua asserts that the quitclaim deed executed by Roy to Plaintiff in 2004 is null and void because the Property is community property that was conveyed without his spouse's consent and that the conveyance is fraudulent. *Id.* at 12-15. Third, Joshua argues that because a quitclaim deed can only transfer Roy's interest in the Property, which was a life estate, Plaintiff cannot acquire what Roy never had – clear title to the Property. *Id.* at 15-17. Finally, Joshua argues that Plaintiff's recording of the quitclaim deed and the issuance of the Certificate of Title do not accord him protection of the Guam's Registration Law because Plaintiff is neither an initial registrant of the Property nor a bona fide purchaser of the Property. *Id.* at 17-20.

On January 3, 2014, Plaintiff filed an opposition to Joshua's motion for summary judgment. Plaintiff argues that Defendant's motion for summary judgment should be denied because: (1) Guam's race notice statute trumps the domestic order rendered in DM0848-97, (2) *res judicata* is not applicable to this particular case; (3) the Property is separate property; (4) no fraudulent transfer occurred; and (5) Roy had an uncontroverted and valid interest in the Property at the time of transfer to Plaintiff in 2004 by quitclaim deed. (Plaintiff's Opp'n Mot., 8-11, Jan. 3, 2014).

Also on January 3, 2014, Joshua filed an opposition to Plaintiff's motion to dismiss and motion for summary judgment. Joshua argues that there is no basis to dismiss his counterclaim because it was necessary to assert his ownership of the Property and Defendant alleged sufficient facts in support of his counterclaim. (Joshua's Opp'n Mot., 5-7, Jan.3, 2014). Joshua also opposes Plaintiff's motion for summary judgment by arguing that summary judgment should be granted in favor of Joshua for the following reasons: (1) Joshua is the rightful fee simple owner of the Property based on two Decisions & Orders issued by two different judges in different cases filed in the Superior Court of Guam; (2) the issue of ownership in the Property

is barred from further litigation based on *res judicata* because the ownership issue was previously litigated in at least two proceedings; (3) the quitclaim deed executed by Roy to Plaintiff is null and void; (4) the execution of a quitclaim deed, notwithstanding the domestic court's continued jurisdiction over the Property, is analogous to a fraudulent conveyance of property prior to or during bankruptcy proceedings; and (5) even if the quitclaim deed is deemed valid, Plaintiff would only acquire the interest that Roy had over the Property, a life state that extinguished at the time of his death. *Id.* at 7-12.

On January 17, 2013, Plaintiff filed a reply. As to Defendant's opposition to Plaintiff's motion for summary judgment, Plaintiff asserts as follows: (1) subsequent court decisions do not take priority and precedence over an earlier recorded deed concerning the identical property, pursuant to 21 GCA § 37102 and *Taitano v. Lujan*, 2005 Guam 26; (2) the doctrine of *res judicata* is not applicable to Plaintiff because Plaintiff was never a party to the previous actions; (3) the deed is not null and void as claimed by Joshua because the Property is separate property; (4) fraud has not been properly pled before the court; and (5) Roy possessed a fee simple interest in the Property as his separate property and Plaintiff's succession to the fee simple interest in the Property is unaffected by later court proceedings. (Plaintiff's Reply, 3-5, Jan. 17, 2014).

On January 17, 2013, Joshua also filed a reply. Joshua reiterates that: (1) the Property is community property; (2) the recorded deed does not take precedence because the quitclaim deed in the present case is void, and an illegal transfer of community property is not protected by Guam's race notice statute; and (3) the issue before the Court is barred by *res judicata* and issue preclusion. (Joshua's Reply, 2-12, Jan. 17, 2014).

## DISCUSSION

### I. Motion to Dismiss

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim



pursuant to Rule 12(b)(6), a court must review the pleading in the light most favorable to the non-movant, accept its material allegations of fact as true, and resolve any doubts in favor of the non-movant. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6) "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6); *see also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'…The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully…But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (citations omitted).

Pursuant to Guam R. Civ. P. 8(a), a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court explains:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual

enhancement. ...a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

The Court goes on to explain that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* (citations omitted).

In this case, Plaintiff filed a motion to dismiss Joshua's counterclaim. Plaintiff argues that Joshua's counterclaim is based on conclusory allegations that Joshua owns the property in question. (Plaintiff's Mot. to Dismiss & Mot. Summ. J., 3, Jan. 30, 2013). The Court does not agree. Joshua's counterclaim is supported by numerous decisions and orders issued by varying Judges of the Superior Court of Guam that assert that Joshua is the owner of the Property. The Court finds that these rulings are sufficient grounds for which Joshua can seek the relief he requests. Therefore, the counterclaim contains sufficient factual matter, accepted as true, that state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 129. For these reasons, Plaintiff's motion to dismiss is denied.

## II. Summary Judgment Standard

Guam R. Civ. P. 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when, "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of



ORIGINAL

material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## III. Nature of the Property

Joshua argues that Plaintiff's quitclaim deed, the basis for Plaintiff's claim of ownership to the Property, is void because the Property is community property and Roy had no legal authority to transfer it. (Joshua's Mot. Summ. J., 12, Feb. 22, 2013). Plaintiff argues that the Property is his separate property because Roy received the interest in the estate from his mother and by gift from a quitclaim deed by his siblings. (Plaintiff's Opp'n Mot., 3-4, Jan. 3, 2014).

Under Guam law, "property acquired by either spouse by gift, bequest, devise or descent" is separate property. 19 GCA § 6101 (a)(6) (2005). Alternatively, community property is "property acquired by either spouse during marriage which is not separate property." 19 GCA § 6101 (b) (2005).

In this case, the record demonstrates that Roy received the interest in the Property from the distribution of the estate of Consolacion T. Damian, Roy's mother, where his siblings quitclaimed their interest in the land to Roy. (Aff. Richard T. Damian, Exhibits A-F, Jan. 3, 2014). Because it is undisputed that the Property was acquired by Roy through his mother's estate and the record is void of any change in the character of the property to community



property, under the above standard, the Property is Roy's separate property and he had the right to transfer it to Plaintiff without his wife's consent.[1] *Iizuka*, 1997 Guam 10 ¶¶ 7-8.

## IV. Claim for Quiet Title

Title 21 Section 25101 of the Guam Codes governs actions to quiet title to real property. In pertinent part, it provides that "[a]n action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim." 21 GCA § 25101 (2005). Title 21 Section 29135 provides that,

> The registered owner of any estate or interest in land obtaining a registered decree under this Law shall, except in case of fraud to which he is a party, or fraud of the person through whom he claims without valuable consideration paid in good faith, hold the same subject only to such estates, mortgages, liens, charges, and interests as may be noted in the last certificate of the title in the registrar's office and free from all others except:
>
> (a) Any subsisting lease or agreement for a lease for a period not exceed one (1) year, where there is actual occupation of the land under lease. The term *lease* shall include a verbal letting.
> (b) All land embraced in the description contained in the certificate which has theretofore been legally dedicated as or declared by competent court to be a public highway.
> (c) Any subsisting right of way or other easement, created within one (1) year before issue of the certificate, upon, over, or in respect of the land.
> (d) Any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title.
> (e) Such right of action or claim as is allowed by this Law.
> (f) Liens, claims, or rights arising under the laws of the United States, which the law of Guam cannot require to appear of record upon the register.

21 GCA § 29135 (2005).

Furthermore, the "register of any land, and duly certified copies thereof, shall, except as herein otherwise provided, be received in law and in equity as evidence of the facts therein

---

[1] Joshua argues that the Property is community property because community funds were expended to build the residence on the Property, and to maintain and improve the residence. (Joshua's Mot. Summ. J., 2, Feb. 22, 2013). Although Roy's wife and Joshua may have alternative avenues to recoup the contributions to the Property, Roy retained title to the Property. 19 GCA § 6101 (a)(6) (2005).



stated, and as conclusive evidence that the person named therein as owner is entitled to the land for the estate or interest therein specified." 21 GCA § 29143 (2005).

In this case, Plaintiff asserts that Plaintiff is entitled to a judgment quieting title and establishing title to the Property in Plaintiff. (Amended Complaint, 3, Feb. 3, 2012). Plaintiff submits a notarized quitclaim deed, executed October 12, 2004 declaring Roy as the owner of the Property, and a Certificate of Title issued by DLM. (Plaintiff's Mot. to Dismiss & Mot. Summ. J., Exhibit A-B, Jan. 30, 2013). In opposition, and in his own motion for summary judgment to quiet title, Joshua asserts that court decisions in DM0848-97 and PR0081-08 establish Joshua's ownership in the Property. In support of this assertion, he submits the relevant documents relating to those cases. (Amended Answer and Counterclaim, 3-8, May 22, 2012); (Joshua's Mot. Summ. J., Exhibits N-P, Feb. 22, 2013); (Joshua's Opp'n Mot., 7-12, Jan.3, 2014). The parties do not dispute the validity of the submissions and the facts before the Court. The issue presented before the Court is whether Plaintiff, who claims ownership of the Property through a quitclaim deed executed before subsequent court decisions granting Joshua a fee simple to the Property, has superior ownership interest in the Property over Joshua.

Under Guam law, Section 21 Chapter 37 of the Guam Codes governs the effect of recording conveyances of real property. 21 GCA § 37101 *et seq.* (2005). Of particular relevance to the case at hand, section 37102, referred to as the "race-notice statute," provides as follows:

> Every conveyance of real property, other than a lease for a term not exceeding one (1) year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.

21 GCA § 37102 (2005).

In this case, Plaintiff recorded the quitclaim deed on November 3, 2004, prior to the judicial determinations made relating to the Property on September 26, 2006 and November 27, 2007 for DM0848-97 and March 3, 2009 for PR0081-08. Under 21 GCA § 37102, the recording of the quitclaim deed made the conveyance of Roy's interest in the Property to



Plaintiff effective against any claims which arose under the order of property division in DM0848-97 and the probate decree in PR0081-08. 21 GCA § 37102 (2005).

The factual circumstances in this case are analogous to the Supreme Court of Guam case *Taitano v. Lujan* (2005 Guam 26). In *Taitano*, the Supreme Court of Guam held that a 1980 deed of gift had priority over a 1997 probate decree under Guam's race-notice statute because the 1980 conveyance was duly recorded prior to the 1997 probate decree. 2005 Guam 26 ¶ 56. The Supreme Court of Guam so ruled despite the fact that the recipient of the deed was neither a purchaser in good faith nor a purchaser for valuable consideration. *Id.* In a similar manner, under Guam's race-notice statute, the 2004 quitclaim deed in this case has priority over the later judicial determinations made in 2006, 2007, and 2009, because the 2004 quitclaim deed was duly recorded prior to the subsequent judicial decrees. *Id.*

Applying the undisputed facts to the applicable legal standard in light of Guam law precedent, the Court finds that Plaintiff is entitled to a judgment quieting her title. As such, the Court hereby voids the Certificate of Title No. 124135 issued by DLM to Joshua. Having found that Plaintiff is entitled to quiet title to the Property, Defendant's motion for summary judgment is denied.

## CONCLUSION

Based upon the foregoing, Plaintiff Richard T. Damian's motion to dismiss is hereby DENIED and motion for summary judgment is hereby GRANTED. As a result, Defendant Joshua C. Damian's motion for summary judgment is hereby DENIED. In accordance with this order, Plaintiff shall submit a proposed judgment approved as to form by all parties within fifteen (15) days of the issuance of this Decision and Order. This matter is set for further proceedings on April 16, 2014 at 9:00 a.m.

**SO ORDERED this 24th day of March, 2014.**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
F. Perez    C. Camacho
W.H. Woloschuk
Date: 3/24/11  Time: 2:30 PM

Deputy Clerk, Superior Court of Guam

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL